UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DARNELL DIXON,

        Petitioner,

v.

CHARLES WARREN, et al.,

        Respondents.

Civil Action No. 12-3889 (JBS)

**OPINION**

**APPEARANCES**:

    DARNELL DIXON, 487146B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625
        *Petitioner Pro Se*

    ESSEX COUNTY PROSECUTOR
        by: Andrew Robert Burroughs, Esq.
    50 West Market Street, 3rd Floor
    Newark, New Jersey 07102
        *Attorneys for Respondents*

**SIMANDLE, Chief Judge**

    Darnell Dixon filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction filed in the Superior Court of New Jersey, Essex County, on May 15, 1997, imposing a 30-year term of imprisonment. The State filed an Answer with the record. After carefully reviewing the arguments of the parties and the state court record, this Court will dismiss the Petition with prejudice as time barred and deny a certificate of appealability.

**I.   BACKGROUND**

**A.   The Crime**

Dixon challenges an aggregate 30-year term of imprisonment with ten years of parole ineligibility imposed in May 1997 after a jury found him guilty of first-degree aggravated manslaughter, third-degree unlawful possession of a handgun, and second-degree possession of a handgun for an unlawful purpose.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state court factual findings are presumed correct unless rebutted by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).  As Dixon has not attempted to rebut the factual findings of the New Jersey courts with respect to the crime, this Court will rely on those findings.  The Appellate Division of the Superior Court of New Jersey described the facts concerning the crime as follows:

> Defendant's conviction stemmed from the 1995 shooting of the victim who, according to what defendant reportedly told Michael Swann, attempted to rob him. Another witness, Mark Willis, identified defendant as the victim's shooter. Defendant's girlfriend and mother of his three children, Janell Barnes, testified that defendant was at her house, located in the area where the shooting occurred, around the time the shooting allegedly occurred. She also testified that she heard gunshots and looked out the window, but was unable to see anything because it was foggy and "real misty." At that time, defendant was in the living room with the children. Barnes's stepfather, Robert Arrington, also at Barnes's home that evening, testified that he heard shots. He corroborated Barnes's testimony that defendant was in the living room with the children at the time he heard the shots. Finally, one other witness, Marcel Carter, testified that he had just completed a game of basketball when he heard shots and saw a figure running. He was unable to determine the gender of the person. Fearing that he might get caught in any cross-fire, he went to Barnes's home to get a ride from defendant. He arrived at Barnes's home ten minutes after the shooting, where he found defendant on the sofa with his children.

State v. Dixon, 2011 WL 4025733 (N.J. Super. Ct., App. Div., Sept. 13, 2011).

2

**B.     The State Court Proceedings**

On June 27, 1995, a grand jury sitting in Essex County, New Jersey, indicted Dixon for the purposeful and knowing murder of Girard Tutler on March 7, 1995, unlawful possession of a handgun without a permit, and possession of a handgun for an unlawful purpose.  After a trial, the jury acquitted Dixon of purposeful or knowing murder and found him guilty of lesser-included first-degree aggravated manslaughter, third-degree unlawful possession of a handgun, and second-degree possession of a handgun for an unlawful purpose.  After granting the State's motion for an extended term as a persistent offender, the trial court imposed an aggregate 30-year term of imprisonment, with ten years of parole ineligibility.  Dixon appealed, and on November 8, 1999, the Appellate Division affirmed.  (ECF No. 9-20 at 2-9.)  On March 15, 2000, the New Jersey Supreme Court denied certification.  See State v. Dixon, 163 N.J. 396 (2000) (table).

On June 5, 2000, Dixon filed a petition for post-conviction relief in the trial court.  In response to Dixon's letter asking the trial court to set aside this petition, on March 11, 2002, the trial court determined that Dixon had withdrawn the petition.  (ECF No. 9-16.)  See Dixon, 2011 WL 4025733 at *1.  Dixon filed a second post-conviction relief petition in the trial court on April 11, 2006.  Id.  (ECF No. 9-22 at 11.)  The trial court denied this second petition as untimely and on the merits by order and accompanying opinion filed on July 3, 2008.  Id.  On September 13, 2011, the Appellate Division affirmed substantially for the reasons expressed by the trial court. Id  On March 14, 2012, the New Jersey Supreme Court denied certification.  See State v. Dixon, 209 N.J. 597 (2012) (table).

3

**C. Procedural History of § 2254 Petition**

On June 20, 2012, Dixon signed his Petition for a Writ of Habeas Corpus and handed it to prison officials for mailing to the Clerk.  (ECF No. 1 at 35.)   The Petition raises the following grounds:[1]

> Ground One:   IT WAS REVERSIBLE ERROR FOR THE COURT OT CHARGE THAT SELF-DEFENSE DID NOT APPLY "IF THE DEFENDANT WAS WRONG IN BELIEVING THAT TUTLER'S CONDUCT WAS UNLAWFUL."
>
> Ground Two:  IT WAS REVERSIBLE ERROR FOR THE COURT TO FAIL[] TO CHARGE THAT DEFENDANT HAD NO DUTY TO RETREAT IF ATTACKED ON THE PORCH OF THE DWELLING.
>
> Ground Three:  IT WAS REVERSIBLE ERROR FOR THE COURT TO FAIL TO INSTRUCT THAT A THREAT WITH A FAKE GUN COULD CONSTITUTE ADEQUATE PROVOCATION FOR PASSION/ PROVOCATION MANSLAUGHTER.
>
> Ground Four:   THE CHARGE ON PASSION/PROVOCATION MANSLAUGHTER SHIFTED THE BURDEN OF PROOF TO THE DEFENDANT, AND CONSTITUTES REVERSIBLE ERROR.
>
> Ground Five:  IT WAS REVERSIBLE ERROR FOR THE COURT NOT TO EXPLAIN THE SIGNIFICANCE OF IMPERFECT SELF DEFENSE.
>
> Ground Six:  PETITIONER IS ENTITLED TO POST-CONVICTION RELIEF BECAUSE HIS TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL (A) PETITIONER'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO HAVE AN ESSEX COUNTY COURTHOURSE LIBRARIAN REMOVED FROM THE PANEL[;] (B) PETITIONER'S TRIAL ATTORNEY RENDERED

---

[1] The Court notified Dixon of his rights to amend the Petition to include all available federal claims in accordance with Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), and he asked the Court to rule on the Petition "as is."   (ECF Nos. 2, 3.)

4

INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO VOIR DIRE A JUROR WHO KNEW PETITIONER[;] (C) PETITIONER'S TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INVESTIGATE AND/OR SUBPOENA POTENTIAL WITNESSES TO TRIAL[;] (D) PETITIONER'S TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO OBTAIN A WEATHER REPORT FROM MARCH 7, 1995[;] (E) PETITIONER'S TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO OBJECT TO JUDGE FAST CHARGING THE JURY ON SELF-DEFENSE[;] (F) PURSUANT OT STATE V. RUE, 175 N.J. 1 (2002), PETITIONER ASSERTS THE FOLLOWING [SUPPORTING FACTS.]

Ground Seven:  DEFENDANT'S TRIAL AND APPELLATE ATTORNEYS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO OBJECT TO THE PROSECUTOR VOUCHING FOR THE CREDIBILITY OF HIS WITNESSES IN HIS SUMMATION.

Ground Eight:  DEFENDANT'S TRIAL AND APPELLATE ATTORNEYS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO RAISE THAT THE PROSECUTOR VIOLATED THE COURT'S RULING COMMITTING PROSECUTORIAL MISCONDUCT AND [A] BRADY VIOLATION.

Ground Nine:  DEFENDANT'S TRIAL AND APPELLATE ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO RAISE THAT THE PROSECUTOR['S] REMARKS WERE NOT PROMPTLY STRICKEN FROM THE RECORD.

Ground Ten:  THE COURT ERRED IN FINDING THE PETITION FOR POST-CONVICTION RELIEF TIME BARRED.

Ground Eleven:  THE COURT ERRED IN DENYING DEFENDANT[']S MOTION FOR A JUDGMENT OF ACQUITTAL AND THEREFORE VIOLATED DEFENDANT[']S DUE PROCESS RIGHTS BECAUSE THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO WARRANT A CONVICTION OF THE CRIMES CHARGED.

(ECF No 1 at 6, 8, 10, 12, 13, 15, 23, 25, 28, 30, 32.)

The State filed an Answer arguing that the Petition is untimely, the Petition fails to state a federal claim, several claims are procedurally defaulted, and Dixon is not entitled to habeas relief on the merits.  (ECF No. 9.)

## II.   STATUTE OF LIMITATIONS

The State argues that the § 2254 Petition is time barred because Dixon's 365-day federal statute of limitations expired several years before he filed his § 2254 Petition.  The AEDPA's 365-day statute of limitations begins on the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) tolls the 365-day limitations period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  An application is "filed" when it "is delivered to, and accepted by, the appropriate court officer for placement into the official record."  Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).  An application is "properly" filed "when its delivery and acceptance are in compliance with the applicable laws and rules

6

governing filings," such as rules prescribing "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz, 531 U.S. at 8-9 (citations omitted).

### A. Calculation of the Statute of Limitations

In this case, the statute of limitations is governed by § 2244(d)(1)(A). The New Jersey Supreme Court denied certification on direct review on March 15, 2000, see State v. Dixon, 163 N.J. 396 (2000) (table), and the time to file a petition for certiorari in the United States Supreme Court expired 91 days later on June 14, 2000. See Gonzalez v. Thaler, 132 S.Ct. 641, 653-54 (2012); Wali v. Kholi, 131 S. Ct. 1278, 1282 (2011); Lawrence v. Florida, 549 U.S. 327, 332-333 (2007); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). Because Dixon did not file his 2254 Petition until June 20, 2012, twelve years later, the § 2254 Petition is untimely in the absence of statutory and/or equitable tolling for a period of eleven years.

First, Dixon's second post-conviction relief petition, filed on April 11, 2006, and finally decided by the New Jersey Supreme Court on March 14, 2012, did not statutorily toll the limitations period because it was not "properly filed" within the meaning of § 2244(d)(2) where the New Jersey courts ruled that it was untimely under New Jersey law. In Carey v. Saffold, 536 U.S. 214 (2002), the California Supreme Court denied Saffold's post-conviction relief petition on the merits and for lack of diligence. The Court explained that, if the California Supreme Court had ruled that the petition was untimely, "that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits." Id. at 226. The Court noted that there are many reasons why a state court may also

7

address the merits of a post-conviction application that has been found or is untimely: "for instance, where the merits present no difficult issue; where the court wants to give a reviewing court alternative grounds for decision; or where the court wishes to show a prisoner (who may not have a lawyer) that it was not merely a procedural technicality that precluded him from obtaining relief."  Id. at 225-226.  Next, in Pace v. DeGuglielmo, 544 U.S. 408 (2005), the Supreme Court held what the Court had "intimated" in Saffold:  "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  Id. at 414.  The Court went even further in Evans v. Chavis, 546 U.S. 189 (2006).  In that case, the state court merely stated that the post-conviction relief petition "is denied," id. at 195, and the Supreme Court held:  "In the absence of . . . clear indication that a [state application] was timely or untimely, the [federal habeas court] must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness."  Id. at 198.  Finally, in Allen v. Siebert, 552 U.S. 3, 7 (2007), the Court rejected the Eleventh Circuit's attempt to distinguish Pace on the ground that the time bar in Alabama was not jurisdictional.

> We therefore reiterate now what we held in Pace : "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." 544 U.S., at 414 . . . .  Because Siebert's petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not "properly filed" under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1–year statute of limitations.

Allen v. Siebert, 552 U.S. at 7.

In Dixon's case, Dixon filed his second post-conviction relief application on April 11, 2006; the trial judge held that it was untimely and without merit, see Dixon, 2011 WL 4025733 at *1 ("The court found that defendant's petition was time-barred pursuant to Rule 3:22-12 and that

8

'there has been no injustice sufficient to relax the five-year time bar of [Rule] 3:22-12.'"); and the Appellate Division affirmed substantially for the reasons expressed by the trial court. Id. at *2. Because the New Jersey courts rejected Dixon's second post-conviction relief petition as untimely, that is the end of the matter: the second petition was not "properly filed" and did not statutorily toll the 365-day statute of limitations under § 2244(d)(2). See Allen v. Siebert, 552 U.S. at 7; Pace, 544 U.S. at 414. Because Dixon's second post-conviction relief petition, which was pending in the New Jersey courts for six years, did not statutorily toll the 365-day limitations period and Dixon did not file his § 2254 Petition until 98 days after the New Jersey Supreme Court denied certification on the second petition,[2] the § 2254 Petition was untimely.

Alternatively, even if the second post-conviction relief petition were "properly filed," the § 2254 Petition would still be time barred. The Supreme Court explained the meaning of "pending" in § 2244(d)(2) as follows:

> The dictionary defines "pending" (when used as an adjective) as "in continuance" or "not yet decided." Webster's Third New International Dictionary 1669 (1993). It similarly defines the term (when used as a preposition) as "through the period of continuance ... of," "until the ... completion of." Ibid. That definition, applied in the present context, means that an application is pending as long as the ordinary state collateral review process is "in continuance"- i.e., "until the completion of" that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending."

Carey v. Saffold, 536 U.S. 214, 219-220 (2002).

---

[2] As explained above, the New Jersey Supreme Court denied certification with respect to the second post-conviction relief petition on March 14, 2012, and Dixon handed his § 2254 Petition to prison officials on June 20, 2012.

Dixon filed his first petition for post-conviction relief in the trial court on June 5, 2000. The trial court found that Dixon had voluntarily set aside his first petition for post-conviction relief as of March 12, 2002, (ECF No. 9-22 at 11), and the Appellate Division did not disturb this finding. See State v. Dixon, 2011 WL 4025733 at *1.  This Court must presume the correctness of the finding that the petition was withdrawn on March 12, 2002, unless Dixon has rebutted the state court finding by clear and convincing evidence.[3]  Because Dixon had 45 days to appeal the withdrawal of his first petition, see N.J. Ct. R. 2:4-1(a), his first post-conviction relief petition was "pending" from June 5, 2000, until April 26, 2002, the date on which the 45-day time limit to appeal the March 11, 2002, withdrawal of his petition expired.  See Swartz v. Meyers, 204 F.3d 417, 421 (3d Cir. 2000) (holding that "'pending' includes the time for seeking discretionary review, whether or not discretionary review is sought").  Accordingly, the 365-day statute of limitations began to run on April 27, 2002, and ran for the next 365 days until it expired on Monday, April 28, 2003.  Because Dixon did not file his second post-conviction relief petition until April 11, 2006, almost three years after the one-year statute of limitations expired, in the absence of equitable tolling, his § 2254 Petition is untimely (even if the second post-conviction

---

[3] See 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); see also Miller-El v. Dretke, 545 U.S. at 240 (holding that a district court must "presume the [state] court's factual findings to be sound unless [petitioner] rebuts the 'presumption of correctness by clear and convincing evidence.'"); Rountree v. Balicki, 640 F.3d 530, 541-42 (3d Cir. 2011) (habeas court is "bound to presume that the state court's factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence.") (quoting Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009)).

relief petition were properly filed). See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004) (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).

Dixon appears to argue that his first petition for post-conviction was pending longer than this. Dixon contends in his § 2254 Petition that the trial court, "erroneously withdrew the June 5, 2000 Petition for Post-Conviction Relief and neither the Court nor Mr. Meltzer advised the defendant that the PCR had been withdrawn or that he had to file another brief and do so within a specified time frame." (ECF No. 1 at 31.) He further states that "[b]etween 2002 and 2006, a number of attorneys from the [Office of the Public Defender] were assigned to represent [him] in connection with the petition, but nothing was ever filed," and he "ultimately attempted to remedy the situation by filing the April 11, 2006, petition, and the case was assigned to another attorney, Michael G. Paul." Id.

The transcript dated March 11, 2002, establishes that the trial court considered Dixon's first petition for post-conviction relief on that date. (ECF No. 9-16.) The judge read into the record the contents of Dixon's letter to the clerk of the court dated February 9, 2002:

> Please accept this correspondence as my formal request that the motion for post-conviction relief presently pending before the Court, submitted by Mr. Harvey R. Meltzer, Esq. on my behalf, be set aside. I am in the process of filing an attorney grievance for failing to comply with the rules of professional conduct. There is no communication with the attorney who submitted the motion and myself. He failed to raise issues that are a matter of record and entitle[] me to relief. I will be filing a supplemental brief broaching the issues which were not raised by Mr. Meltzer in his brief. If there is a time criteria for filing the supplemental brief, please notify me of such. By receipt of this correspondence, I will contact the judge assigned and the prosecuting attorney, as well as the attorney himself. If it is necessary for me to file a formal motion seeking an order for this injunctive relief, please notify me in writing. I thank the Court for this consideration.

11

(ECF No. 9-16 at 3-4.) The trial judge then stated that he considered "the motion for post-conviction relief to have been with- - it's set aside, technically withdrawn. I will not address the merits. And it's withdrawn, of course, without prejudice since it's not on the merits." (ECF No. 9-16 at 7.)

Dixon has produced no evidence, let alone clear and convincing evidence, showing that he did not ask the trial court to set aside his first post-conviction relief petition. Nor has he produced evidence indicating that his first post-conviction relief petition remained "pending" after April 26, 2002. Because the New Jersey courts found that Dixon withdrew his first post-conviction relief petition on March 12, 2002, and Dixon has not rebutted this finding by clear and convincing evidence, this Court finds that the first petition was pending, and the one-year statute of limitations was statutorily tolled, from June 6, 2000, until April 26, 2002, when the time to appeal the March 12, 2002, withdrawal of Dixon's first post-conviction relief petition expired. In the absence of equitable tolling, the statute of limitations expired on April 28, 2003, long before Dixon filed his § 2254 Petition.

**B.    Is Equitable Tolling Warranted?**

Although Dixon does not argue that equitable tolling is warranted, the Court will consider the issue sua sponte, as the one year statute of limitations is subject to equitable tolling. See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931 (2013); Holland v. Florida, 560 U.S. 631, 645 (2010); Ross v. Varano, 712 F.3d 784, 798-800 (3d Cir. 2013). A court extends the remedy of equitable tolling "sparingly," when "principles of equity would make the rigid application of a limitation period unfair." Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013) (citations and internal quotation marks omitted). A habeas "'petitioner is entitled to equitable

tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" McQuiggin, 133 S.Ct. at 1931 (quoting Holland, 560 U.S. at 649) (internal quotation marks omitted). A court must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Holland, 560 U.S. at 650.

Although "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling," Holland, 569 U.S. at 652 (citations and internal quotation marks omitted), extraordinary circumstances may be found "for 'serious instances of attorney misconduct.'" Christenson v. Roper, 135 S.Ct. 891, 894 (2015) (quoting Holland, 560 U.S. at 651-52). Other potentially extraordinary situations may be found on the basis of the petitioner's "inability to read or understand English, combined with denial of access to translation or legal assistance," Pabon v. Mahanoy, 654 F.3d 385, 400 (3d Cir. 2011), and "where a court has misled a party regarding the steps that the party needs to take to preserve a claim." Munchinski v. Wilson, 694 F.3d 308, 329-330 (3d Cir. 2012) (quoting Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005)).

As previously stated, Dixon filed his second petition for post-conviction relief on April 11, 2006. Upon consideration of the second post-conviction relief petition, the trial judge found that the "purported failures of trial counsel alleged in the submissions in support of [Dixon's second post-conviction relief] application and the protracted representation by a succession of attorneys, whether employed or designated, through the Office of the Public Defender do not excuse the neglect which delayed the filing of this petition." (ECF No. 9-22 at 11.) The trial court

13

determined that the "long neglect" - from March 2002 until April 2006 - was not excusable and held that the second petition was time barred. Id. The Appellate Division affirmed the trial court's dismissal of the second post-conviction relief petition "substantially for the reasons expressed by Judge Michael A. Petrolle in his thorough and well-reasoned opinion of July 3, 2008." Dixon, 2011 WL 4025733 at *2.

The record in this case does not show that serious attorney misconduct prevented Dixon from timely filing. Nor does the record establish that the state trial court misled Dixon when it determined on March 12, 2002, that he had voluntarily withdrawn the first post-conviction relief petition based on his February 9, 2002, letter formally asking the court to set aside the first petition. Thus, nothing before this Court indicates that extraordinary circumstances prevented Dixon from timely asserting his rights. To the contrary, it can be inferred from the record that Dixon did not diligently pursue his rights after he sent the February 9, 2002, letter to the trial court. Dixon states that the trial court did not inform him that it had set aside his first petition for post-conviction relief on March 12, 2002 (in accordance with his letter request), but nothing presented to this Court indicates that Dixon followed up with the trial court or attempted to find out what the court did in response to his letter asking to set the first petition aside until April 11, 2006, when he filed his second petition for post-conviction relief. This chain of events does not show that Dixon was diligently pursuing his rights.

To summarize, the record does not show that Dixon was pursuing his rights diligently or that some extraordinary circumstance stood in his way and prevented timely filing of his § 2254 Petition. See McQuiggin, 133 S.Ct. at 1931; Holland, 560 U.S. at 649). After reviewing the record in this case and, in particular, the state court opinions on post-conviction relief, this Court

14

discerns no basis for equitable tolling of the statute of limitations. Because Dixon filed his § 2254 Petition after the 365-day statute of limitations expired and he has not shown that extraordinary circumstances prevented him from timely filing his § 2254 Petition and that he pursued his rights diligently, this Court will dismiss the Petition as time barred.

### III.   CERTIFICATE OF APPEALABILITY

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as time barred is correct. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### IV.   CONCLUSION

This Court dismisses the Petition with prejudice and denies a certificate of appealability.

  s/ Jerome B. Simandle
**JEROME B. SIMANDLE**
**Chief Judge**

Dated: **August 31, 2015**