**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DARNELL DIXON,

         Petitioner,

    v.

CHARLES WARREN, et al.,

         Respondents.

Civil Action No. 12-3889 (JBS)

**OPINION**

**APPEARANCES**:

> DARNELL DIXON, 487146B
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey 08625
>     *Petitioner Pro Se*

> ESSEX COUNTY PROSECUTOR
>     by:  Andrew Robert Burroughs, Esq.
> 50 West Market Street, 3rd Floor
> Newark, New Jersey 07102
>     *Attorneys for Respondents*

**SIMANDLE, Chief Judge**

    Darnell Dixon filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction filed in the Superior Court of New Jersey, Essex County, on May 15, 1997, imposing a 30-year term of imprisonment.  On August 31, 2015, the Court dismissed the Petition with prejudice as time barred and denied a certificate of appealability. Presently before the Court is Dixon's motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from the Order dismissing the Petition.  For the reasons expressed below, the Court will deny the motion.

# I.   BACKGROUND

In his § 2254 Petition, Dixon challenged a New Jersey judgment of conviction filed on May 15, 1997, imposing an aggregate 30-year term of imprisonment, with ten years of parole ineligibility, after a jury found him guilty of first-degree aggravated manslaughter, third-degree unlawful possession of a handgun, and second-degree possession of a handgun for an unlawful purpose.  Dixon appealed, and on November 8, 1999, the Appellate Division affirmed.  (ECF No. 9-20 at 2-9.)  On March 15, 2000, the New Jersey Supreme Court denied certification.  See State v. Dixon, 163 N.J. 396 (2000) (table).

On June 5, 2000, Dixon filed a petition for post-conviction relief in the trial court.  In response to Dixon's letter asking the trial court to set aside this petition, on March 11, 2002, the trial court determined that Dixon had withdrawn the petition.  (ECF No. 9-16.)  See State v. Dixon, 2011 WL 4025733 at *1 (N.J. Super Ct., App. Div., Sept. 13, 2011).   Dixon filed a second post-conviction relief petition in the trial court on April 11, 2006.  Id.  (ECF No. 9-22 at 11.)  The trial court denied this second petition as untimely and on the merits by order and accompanying opinion filed on July 3, 2008.  Id.  On September 13, 2011, the Appellate Division affirmed substantially for the reasons expressed by the trial court.  Id  On March 14, 2012, the New Jersey Supreme Court denied certification.  See State v. Dixon, 209 N.J. 597 (2012) (table).

On June 20, 2012, Dixon signed his Petition for a Writ of Habeas Corpus and handed it to prison officials for mailing to the Clerk.  (ECF No. 1 at 35.)  The Petition raises the following grounds:

> Ground One:   IT WAS REVERSIBLE ERROR FOR THE COURT OT CHARGE THAT SELF-DEFENSE DID NOT APPLY "IF THE DEFENDANT WAS WRONG IN BELIEVING THAT TUTLER'S CONDUCT WAS UNLAWFUL."

2

Ground Two:  IT WAS REVERSIBLE ERROR FOR THE COURT OT FAIL[] TO CHARGE THAT DEFENDANT HAD NO DUTY TO RETREAT IF ATTACKED ON THE PORCH OF THE DWELLING.

Ground Three:  IT WAS REVERSIBLE ERROR FOR THE COURT TO FAIL TO INSTRUCT THAT A THREAT WITH A FAKE GUN COULD CONSTITUTE     ADEQUATE     PROVOCATION     FOR     PASSION/ PROVOCATION MANSLAUGHTER.

Ground Four:    THE   CHARGE   ON   PASSION/PROVOCATION MANSLAUGHTER SHIFTED THE BURDEN OF PROOF TO THE DEFENDANT, AND CONSTITUTES REVERSIBLE ERROR.

Ground Five:  IT WAS REVERSIBLE ERROR FOR THE COURT NOT TO EXPLAIN THE SIGNIFICANCE OF IMPERFECT SELF DEFENSE.

Ground Six:  PETITIONER IS ENTITLED TO POST-CONVICTION RELIEF BECAUSE   HIS   TRIAL   ATTORNEY   RENDERED   INEFFECTIVE ASSISTANCE OF COUNSEL (A) PETITIONER'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO HAVE AN ESSEX COUNTY COURTHOURSE LIBRARIAN REMOVED FROM THE PANEL[;] (B) PETITIONER'S TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO VOIR DIRE A JUROR WHO KNEW PETITIONER[;] (C) PETITIONER'S TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INVESTIGATE AND/OR SUBPOENA POTENTIAL WITNESSES TO TRIAL[;]   (D)   PETITIONER'S   TRIAL   ATTORNEY   RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO OBTAIN A WEATHER REPORT FROM MARCH 7, 1995[;] (E) PETITIONER'S TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO OBJECT TO JUDGE FAST CHARGING THE JURY ON SELF-DEFENSE[;] (F) PURSUANT OT STATE V. RUE, 175 N.J. 1 (2002), PETITIONER ASSERTS THE FOLLOWING [SUPPORTING FACTS.]

Ground Seven:  DEFENDANT'S TRIAL AND APPELLATE ATTORNEYS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO OBJECT TO THE PROSECUTOR VOUCHING FOR THE CREDIBILITY OF HIS WITNESSES IN HIS SUMMATION.

Ground Eight:  DEFENDANT'S TRIAL AND APPELLATE ATTORNEYS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO RAISE THAT THE PROSECUTOR VIOLATED THE COURT'S RULING

COMMITTING PROSECUTORIAL MISCONDUCT AND [A] BRADY VIOLATION.

Ground Nine:   DEFENDANT'S TRIAL AND APPELLATE ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO RAISE THAT THE PROSECUTOR['S] REMARKS WERE NOT PROMPTLY STRICKEN FROM THE RECORD.

Ground Ten:   THE COURT ERRED IN FINDING THE PETITION FOR POST-CONVICTION RELIEF TIME BARRED.

Ground Eleven:   THE COURT ERRED IN DENYING DEFENDANT[']S MOTION FOR A JUDGMENT OF ACQUITTAL AND THEREFORE VIOLATED DEFENDANT[']S DUE PROCESS RIGHTS BECAUSE THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO WARRANT A CONVICTION OF THE CRIMES CHARGED.

(ECF No 1 at 6, 8, 10, 12, 13, 15, 23, 25, 28, 30, 32.)

The State filed an Answer arguing, inter alia, that the Petition was untimely.   (ECF No. 9.)   Although the Court gave Dixon an opportunity to file a reply to the Answer, he did not file opposition to the Answer or seek an extension of time to do so.   (ECF No. 4.)

On August 31, 2015, the Court dismissed the Petition with prejudice as untimely and denied a certificate of appealability.   (ECF Nos. 14, 15.)   The Court determined that the 365-day statute of limitations was governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the limitations period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.   The Court observed that the New Jersey Supreme Court denied certification on direct review on March 15, 2000, see State v. Dixon, 163 N.J. 396 (2000) (table), and that the time to file a petition for certiorari in the United States Supreme Court expired 91 days later on June 14, 2000.   See Gonzalez v. Thaler, 132 S.Ct. 641, 653-54 (2012); Wali v. Kholi, 131 S. Ct. 1278, 1282 (2011); Lawrence v. Florida, 549 U.S.

327, 332-333 (2007); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). The Court found that, because Dixon did not file his 2254 Petition until June 20, 2012, twelve years after the judgment of conviction became final, Dixon's § 2254 Petition was untimely in the absence of statutory and/or equitable tolling for a period of eleven years.

The Court noted that 28 U.S.C. § 2244(d)(2) tolls the 365-day limitations period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application is "filed" when it "is delivered to, and accepted by, the appropriate court officer for placement into the official record," Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted), and an application is "properly" filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as rules prescribing "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz, 531 U.S. at 8-9 (citations omitted).

The Court found that Dixon's second post-conviction relief petition, filed on April 11, 2006, and finally decided by the New Jersey Supreme Court on March 14, 2012, did not statutorily toll the limitations period because it was not "properly filed" within the meaning of § 2244(d)(2), as the New Jersey courts ruled that it was untimely under New Jersey law. See Allen v. Siebert, 552 U.S. 3, 7 (2007) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2). . . . Because Siebert's petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not "properly filed" under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1–year statute of limitations.") (citations and internal quotation marks omitted); Pace v. DeGuglielmo, 544 U.S.

408, 414 (2005); <u>Carey v. Saffold</u>, 536 U.S. 214, 226 (2002).   Because Dixon's second post-conviction relief petition, which was pending in the New Jersey courts for six years, did not statutorily toll the 365-day limitations period and Dixon did not file his § 2254 Petition until June 20, 2012, the Court determined that the § 2254 Petition was untimely.

Alternatively, the Court held that, even if the second post-conviction relief petition were "properly filed," the § 2254 Petition was nevertheless time barred.   Noting that a post-conviction relief application remains pending "until the application has achieved final resolution through the State's post-conviction procedures" <u>Carey v. Saffold</u>, 536 U.S. 214, 220 (2002), the Court found that Dixon filed his first petition for post-conviction relief on June 5, 2000; on March 12, 2002, the trial court found that Dixon had voluntarily set aside his first petition for post-conviction relief, (ECF No. 9-22 at 11), and the Appellate Division did not disturb this finding.   <u>See State v. Dixon</u>, 2011 WL 4025733 at *1.[1]   Because Dixon had 45 days to appeal the withdrawal of his first petition, <u>see</u> N.J. Ct. R. 2:4-1(a), this Court determined that Dixon's first post-conviction relief petition was "pending" from June 5, 2000, until April 26, 2002, the date on which the 45-day time

---

[1] This Court found that it was required to presume the correctness of the trial court's finding that Dixon's first petition was withdrawn on March 12, 2002, since Dixon failed to rebut the state court finding by clear and convincing evidence.   <u>See</u> 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); <u>see also</u> <u>Miller-El v. Dretke</u>, 545 U.S. at 240 (holding that a district court must "presume the [state] court's factual findings to be sound unless [petitioner] rebuts the 'presumption of correctness by clear and convincing evidence.'"); <u>Rountree v. Balicki</u>, 640 F.3d 530, 541-42 (3d Cir. 2011) (habeas court is "bound to presume that the state court's factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence.") (quoting <u>Simmons v. Beard</u>, 590 F.3d 223, 231 (3d Cir. 2009)).

limit to appeal the March 11, 2002, withdrawal of his petition expired.  See Swartz v. Meyers, 204 F.3d 417, 421 (3d Cir. 2000) (holding that "'pending' includes the time for seeking discretionary review, whether or not discretionary review is sought").  Accordingly, this Court held that the 365-day statute of limitations began to run on April 27, 2002, and ran for the next 365 days until it expired on Monday, April 28, 2003.  Because Dixon did not file his second post-conviction relief petition until April 11, 2006, almost three years after the one-year statute of limitations expired, in the absence of equitable tolling, his § 2254 Petition was untimely, even if the second post-conviction relief petition were properly filed.  See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004) (state post-conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).

Although Dixon did not file a reply or otherwise argue that equitable tolling was warranted, the Court sua sponte considered the issue of equitable tolling.  See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931 (2013) (noting that a "'petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'") (quoting Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).  This Court observed that, upon consideration of Dixon's second post-conviction relief petition, the trial judge found that the "purported failures of trial counsel alleged in the submissions in support of [Dixon's second post-conviction relief] application and the protracted representation by a succession of attorneys, whether employed or designated, through the Office of the Public Defender do not excuse the neglect which delayed the filing of this petition."  (ECF No. 9-22 at 11.)  The trial court determined that the "long neglect"

- from March 2002 until April 2006 - was not excusable and held that the second petition was time barred. <u>Id.</u> The Appellate Division affirmed the trial court's dismissal of the second post-conviction relief petition "substantially for the reasons expressed by Judge Michael A. Petrolle in his thorough and well-reasoned opinion of July 3, 2008." <u>Dixon</u>, 2011 WL 4025733 at *2.

This Court found that the record did not indicate that serious attorney misconduct prevented Dixon from filing a timely § 2254 petition; nor did the record show that the state trial court misled Dixon when it determined on March 12, 2002, that he had voluntarily withdrawn the first post-conviction relief petition based on his February 9, 2002, letter formally asking the court to set aside the first petition.[2] Because nothing before the Court indicated that Dixon was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing of his § 2254 Petition, the Court found no basis to equitably toll the statute of limitations. <u>See</u> <u>McQuiggin</u>, 133 S.Ct. at 1931; <u>Holland</u>, 560 U.S. at 649). This Court held that, because Dixon filed his § 2254 Petition after the 365-day statute of limitations expired and he did not show that extraordinary circumstances prevented him from timely filing his § 2254 Petition and that he pursued his rights diligently, the Petition would be dismissed as time barred.

On September 29, 2015, Dixon signed (and presumably handed to prison officials for mailing to the Clerk) the post-judgment motion presently before the Court. He seeks to "correct a manifest error of law and facts" upon which this Court's Order and Opinion were based and

---

[2] Although "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling," <u>Holland</u>, 569 U.S. at 652 (citations and internal quotation marks omitted), extraordinary circumstances may be found "for 'serious instances of attorney misconduct.'" <u>Christenson v. Roper</u>, 135 S.Ct. 891, 894 (2015) (quoting <u>Holland</u>, 560 U.S. at 651-52).

argues that this Court erred by failing to equitably toll the statute of limitations.   (ECF No. 16 at 12.)   "Mr. Darnell Dixon, objects to the Opinion and the Order that Honorable Jerome B. Simandle, U.S.D.C.J., made[, w]hich concludes to innocent misinterpretations, seeking the court to <u>sua</u> <u>sponte</u> correct the oversights and Grant the Petition to Proceed timely under Equitable Tolling."   Id. at 12-13.   Dixon asserts that the ineffective assistance of counsel claims he raised in Grounds Six through Nine of his § 2254 Petition show serious instances of attorney misconduct. He also argues that his alibi claim presented in Ground Eleven shows cause for a fundamental miscarriage of justice and that the trial court's failure to enter a certified final judgment is an extraordinary circumstance warranting equitable tolling.

## II.   DISCUSSION

Dixon expressly seeks relief from the Order dismissing his Petition pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.   Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**.   On motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trail under Rule 59(b);
>
> (3) fraud . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

9

Fed. R. Civ. P. 60(b).

On the other hand, Rule 59(e) authorizes a party to file a motion to alter or amend a judgment within 28 days after the entry of the judgment.  See Fed. R. Civ. P. 59(e).  A post-judgment motion "will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'"  Osterneck v. Ernst & Whinney, 489 U.S. 169, 174 (1989) (quoting White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 451 (1982)).  Dixon labeled his post-judgment motion as a Rule 60(b) motion, but "the function of the motion, and not the caption, dictates which Rule is applicable."  United States v. Fiorelli, 337 F.3d 282, 287-88 (3d Cir. 2003).  As the Third Circuit explained,

> Rule 60(b) provides six bases for reconsideration, including "mistake, inadvertence, surprise, or excusable neglect" . . . .  In contrast, Rule 59(e) permits the filing of a motion to alter or amend a judgment.  A motion under Rule 59(e) is a device to relitigate the original issue decided by the district court, and used to allege legal error.  Fiorelli's motion argued that . . . the District Court committed an error of law.  As a Rule 60(b) motion may not be used as a substitute for an appeal, and that legal error, without more does not warrant relief under that provision, we will deem Fiorelli's motion as a request under Rule 59(e).

Fiorelli, 337 F.3d at 288 (citations and internal quotation marks omitted).

Here, Dixon does not seek relief from this Court's Order on the basis of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud or misrepresentation by an opposing party, or on the grounds that the judgment is void or has been satisfied, released or discharged.   Rather, he seeks to correct a manifest error of law and fact, and to prevent manifest injustice with respect to equitable tolling.  (ECF No. 16 at 12).   This Court will construe Dixon's motion as a motion to alter or amend a judgment under Rule 59(e).   See Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988).

The scope of a motion under Rule 59(e) "is extremely limited." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).   "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." Id.   The problem with Dixon's motion is that he has not shown that this Court manifestly erred in when it rejected the notion that the 365-day limitations period should be equitably tolled for several years.   Instead of showing that extraordinary circumstances prevented him from filing his § 2254 Petition before the statute of limitations expired, Dixon appears to contend that he is entitled to equitable tolling based on the grounds raised in the § 2254 Petition. But the law is clear that a court extends the remedy of equitable tolling "sparingly," Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013) (citations and internal quotation marks omitted), and that a habeas "'petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" McQuiggin v. Perkins, 133 S.Ct. 1924, 1931 (2013) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted).   Dixon relies on the ineffective assistance of counsel claims raised in his Petition, but he has not shown that "serious instances of attorney misconduct," Christenson v. Roper, 135 S.Ct. 891, 894 (2015) (quoting Holland, 560 U.S. at 651-52), stood in his way and prevented him from timely filing a § 2254 petition for several years.   Although a Rule 59(e) motion may be granted to correct clear error of law or prevent manifest injustice," Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)), Dixon has not established a manifest error of law or fact or shown that the judgment must be altered to prevent manifest injustice.   Accordingly, the Court will deny Dixon's motion.

11

### III.   CONCLUSION

This Court denies the motion to alter or amend the Order dismissing the Petition.


                                    __s/ Jerome B. Simandle__
                                    **JEROME B. SIMANDLE**
                                    **Chief Judge**

Dated:   **October 26, 2015**